| | | |
|---|---|---|
| JAMES KRESGE, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| CHLOE CHANDLER | ) | |
| SHIELA FORD | ) | |
| PATRICK R. DONAHOE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte*. Plaintiff filed this action against the above named Defendants on April 10, 2013 (Doc. No. 1). On August 8, 2013, Plaintiff moved for an extension of time to serve process. (Doc. No. 3). The Court granted that motion on August 12, 2013, and gave Plaintiff 90 days to complete service. On September 3, 2015, the Court ordered Plaintiff to Show Cause as to why the case should not be dismissed for failure to prosecute. (Doc. No. 4) Plaintiff responded on October 16, 2015 and sought additional time to serve Defendants. (Doc. No. 5) The Court ordered Plaintiff to serve Defendants by November 6, 2015, and notified him that failure to complete service would result in the dismissal of his case. (Doc. No. 6) Plaintiff has filed nothing since that time, and it appears to the Court that he has failed to prosecute his case.

Federal Rule of Civil Procedure 41(b) permits a Court to dismiss a case where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Here, the Court ordered Plaintiff to complete service on the Defendants within 90 days of August 12, 2013. Over two years have passed since that time. On Plaintiff's request, the Court granted an additional

21 days to complete service in its October 16, 2015 order.  Plaintiff apparently still has not served Defendants.  The Court finds, therefore, that Plaintiff has failed to adhere to the Court's order and failed to adhere to the Rules of Civil Procedure, and that dismissal is warranted.

For the foregoing reasons, **IT IS ORDERED** that this case is **DISMISSED** without prejudice.  The Clerk of Court is directed to close this civil case.

Signed: December 1, 2015

Graham C. Mullen
United States District Judge